IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **EAST TEXAS BOOT COMPANY, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **NEW BALANCE ATHLETICS, INC.,** <br><br> Defendant. | Case No.: <br><br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT AND JURY DEMAND

Plaintiff East Texas Boot Company, LLC, (hereinafter, "Plaintiff" or "East Texas Boot Company"), by and through its undersigned counsel, files this Complaint for Patent Infringement against Defendant New Balance Athletics, Inc. (hereinafter, "Defendant" or "New Balance") as follows:

### NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No 10,426,219 (hereinafter, the "'219 Patent" or the "Patent-in-Suit"), which were duly and legally issued on October 1, 2019 by the United States Patent and Trademark Office (hereinafter, the "USPTO"), a copy of which is attached hereto as **Exhibit A**.

2. Plaintiff is the owner of the Patent-in-Suit and possesses all right, title and interest in the Patent-in-Suit, including the right to enforce the Patent-in-Suit, the right to license the Patent-in-Suit, and the right to sue Defendant for infringement and recover past damages.

1

Plaintiff seeks injunctive relief and monetary damages.

**PARTIES**

3.  East Texas Boot Company, LLC is a limited liability company organized and existing under the laws of the State of Texas and maintains its principal place of business at 3528 Shellie Street, Metairie, Louisiana 70002 (Jefferson Parish).

4.  According to public information, Defendant New Balance is a corporation organized and existing under the laws of the state of Massachusetts, with its principal place of business located at 100 Guest Street, Boston, MA 02135. New Balance may be served through its registered agent, Paul Gauron, who is located at 100 Guest Street, Boston, MA 02135.

5.  Upon information and belief, Defendant ships, distributes, makes, uses, offers for sale, sells, and/or advertises its athletic shoes, including but not limited to running and track cleats, including those shoes substantially similar to the following:

(1) **FuelCell SuperComp XC-X**, available at https://www.newbalance.com/pd/fuelcell-supercomp-xc-x/UXCELRV1-42961.html?dwvar_UXCELRV1-42961_style=UXCELRS1 (see **Exhibit B**);

(2) **FuelCell SuperComp LD-X,** available at https://www.newbalance.com/pd/fuelcell-supercomp-ld-x/ULDELRV2-40838.html?dwvar_ULDELRV2-40838_style=ULDELRE2 (see **Exhibit C**);

(3) **FuelCell SuperComp SD-X**, available at https://www.newbalance.com/pd/fuelcell-supercomp-sd-x/USDELRV2-40672.html?dwvar_USDELRV2-40672_style=USDELRE2 (see **Exhibit D**); and

(4) **FuelCell MD-X v2**, available at https://www.newbalance.com/pd/fuelcell-md-x-v2/UMDELRV2-43052.html?dwvar_UMDELRV2-43052_style=UMDELRS2

(see **Exhibit E**).

## JURISDICTION AND VENUE

6. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

7. The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Massachusetts and in the United States District Court District of Massachusetts; Defendant has purposefully availed itself of the privileges of conducting business in the State of Massachusetts and in the United States District Court District of Massachusetts; Defendant has sought protection and benefit from the laws of the State of Massachusetts; Defendant regularly conducts business within the State of Massachusetts and within the United States District Court District of Massachusetts, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Massachusetts and in the United States District Court District of Massachusetts.

8. More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products in the United States, the State of Massachusetts, and the United States District Court District of Massachusetts. Based upon public information, Defendant has committed patent infringement in the State of Massachusetts and in the United States District Court District of Massachusetts. Defendant solicits customers in the State of Massachusetts and in the United States District Court Massachusetts of Massachusetts. Defendant has many paying customers who are residents of the State of Massachusetts and the United States District Court District of Massachusetts and who use Defendant's products in the State of Massachusetts and in the United States District Court District

of Massachusetts.

9. Venue is proper in the United States District Court District of Massachusetts pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND INFORMATION

10. The Patent-in-Suit was duly and legally issued by the USPTO after full and fair examinations. Plaintiff is the owner of the Patent-in-Suit, and possesses all right, title and interest in the Patent-in-Suit including the right to enforce the Patent-in-Suit, the right to license the Patent-in-Suit, and the right to sue Defendant for infringement and recover past damages.

11. According to public information, Defendant owns, operates, advertises, and/or controls the website https://www.newbalance.com/us, through which Defendant sells, advertises, offers for sale, uses, or otherwise provides athletic shoes, including but not limited to the following products (the "Accused Products"): (1) FuelCell SuperComp XC-X; (2) FuelCell SuperComp LD-X; (3) FuelCell SuperComp SD-X; and, (4) FuelCell MD-X v2.

12. Evidence obtained from Defendant's website, available at www.newbalance.com, regarding these products is provided in **Exhibits B-E** and at the following websites:

- https://www.newbalance.com/pd/fuelcell-supercomp-xc-x/UXCELRV1-42961.html?dwvar_UXCELRV1-42961_style=UXCELRS1
- https://www.newbalance.com/pd/fuelcell-supercomp-ld-x/ULDELRV2-40838.html?dwvar_ULDELRV2-40838_style=ULDELRE2
- https://www.newbalance.com/pd/fuelcell-supercomp-sd-x/USDELRV2-40672.html?dwvar_USDELRV2-40672_style=USDELRE2
- https://www.newbalance.com/pd/fuelcell-md-x-v2/UMDELRV2-43052.html?dwvar_UMDELRV2-43052_style=UMDELRS2

13. For its **FuelCell SuperComp XC-X product**, New Balance provides the following description:





**Description**

Wear-tested by Team New Balance Athletes, the New Balance FuelCell SuperComp XC-X is specially designed for runners on the cross country course. This track spike offers a carbon fiber plate, with pins that are removable for easy replacement and varying course conditions. The FuelCell midsole gives it a propulsive feel underfoot to help keep you driving forward.

*See* New Balance's website, available at https://www.newbalance.com/pd/fuelcell-supercomp-xc-x/UXCELRV1-42961.html?dwvar_UXCELRV1-42961_style=UXCELRS1.

14. For its **FuelCell SuperComp LD-X product**, New Balance provides the following description:





**Description**

Featuring a full-length carbon plate with four built-in pins for propulsion and traction, our FuelCell SuperComp LD-X will be your go-to competition spike for long distance races or the steeplechase. Designed to meet the needs of elite athletes, this track spike has a lightweight, high-rebound FuelCell midsole underfoot that provides exceptional energy return, along with innovative Energy Arc technology. The comfortable knit upper is reinforced at strategic points for a structured feel.

*See* New Balance's website, available at https://www.newbalance.com/pd/fuelcell-supercomp-ld-x/ULDELRV2-40838.html?dwvar_ULDELRV2-40838_style=ULDELRE2.

15. For its **FuelCell SuperComp SD-X product**, New Balance provides the following description:





Description

Featuring a carbon fiber plate with built-in pins for rigidity and traction, our FuelCell SuperComp SD-X will be your go-to competition spike for sprinting. Designed to meet the needs of elite athletes, this track spike has a lightweight, high-rebound FuelCell midsole underfoot that provides exceptional energy return. The knit upper is reinforced at strategic points for a lightweight yet structured feel.

*See* New Balance's website, available at https://www.newbalance.com/pd/fuelcell-supercomp-sd-x/USDELRV2-40672.html?dwvar_USDELRV2-40672_style=USDELRE2.

16. For its **FuelCell MD-X v2 product**, New Balance provides the following description:





Description

Built for speed, the New Balance FuelCell MD-X is engineered for athletes competing in middle distance track races. This carbon fiber packed racing shoe features an ultra-lightweight engineered knit upper for ultimate weight savings. It's stacked with performance-driven technology such as FuelCell midsole foam and a carbon fiber plate help drive you forward.

*See* New Balance's website, available at https://www.newbalance.com/pd/fuelcell-md-x-v2/UMDELRV2-43052.html?dwvar_UMDELRV2-43052_style=UMDELRS.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,426,219**

17. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs above.

18. United States Patent No. 10,426,219 (hereinafter, the "'219 Patent") was duly and legally issued by the USPTO on October 1, 2019 to its inventor, J. Edward Perron, and was assigned to East Texas Boot Company, LLC. See Ex. **A.**

19. Defendant has infringed and continues to infringe the '219 Patent either literally or under the doctrine of equivalents through the manufacture and sale of infringing products. More specifically, Defendant has infringed and continues to infringe one or more claims of the '219 Patent, including at least Claims 1, 3, and 22 (the "'219 Patent Claims"), because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises the FuelCell SuperComp XC-X, FuelCell SuperComp SD-X, FuelCell SuperComp LD-X, FuelCell SuperComp MD-X and any other similar products.

20. Defendant's Accused Products infringe the '219 Patent Claims by providing its athletic shoes with an outsole that functions as a horizontal load transfer component and is at least partially constructed of carbon fiber as claimed in the '219 Patent Claims. See, supra, ¶¶13-16.

**Claim 1 of the '219 Patent**

21. Defendant's Accused Products infringe the Preamble of Claim 1 of the '219 Patent Claims because they are athletic shoes as claimed in the Preamble of Claim 1 of the '219 Patent Claims. Specifically, on its website at www.newbalance.com, New Balance describes the Accused Products as "Unisex" running shoes, which are athletic shoes.

22. Defendant's Accused Products infringe Claim 1(a) of the '219 Patent Claims by having a shoe body with an upper and outsole secured to the upper so that a wearer's foot can be positioned within the upper and above the outsole, which includes a lower surface with cleats and

an upper surface, and the Accused Products having a front with a toe box and a periphery that extends at the front around the toe box as claimed Claim 1(a) of the '219 Patent Claims.

23.     For example, as shown below in **Figure 1**, New Balance's FuelCell SuperComp XC-X infringes Claim 1(a) of the '219 Patent by having a shoe body having a shoe upper (yellow arrow) and an outsole (blue arrow) secured to the upper so that a wearer's foot can be positioned within the upper and above the outsole. The outsole has a lower surface with cleats (green arrow) and an upper surface. The shoe outsole has a front with a toe box (red arrow) and an outsole periphery that extends at the front around the toe box, the outsole having a middle, a back, and a heel. As illustrated below in Figure 1, the NB XC-X running shoe has an outsole periphery that extends at the front around the toe box (orange arrow). As illustrated below in Figure 1, the outsole has a middle, a back, and a heel.  As illustrated below in Figure 1, the NB XC-X running shoe has an outsole periphery that extends at the front around the toe box (orange arrow).

**Figure 1**



Excerpt from New Balance's website, available at
https://www.newbalance.com/pd/fuelcell-supercomp-xc-x/UXCELRV1-42961.html?dwvar_UXCELRV1-42961_style=UXCELRS1.

24.     As another example, as shown below in **Figure 2**, New Balance's FuelCell

SuperComp SD-X also infringes Claim 1(a) of the '219 Patent by having a shoe body having a shoe upper (yellow arrow) and an outsole (blue arrow) secured to the upper so that a wearer's foot can be positioned within the upper and above the outsole. The outsole has a lower surface with cleats (green arrow) and an upper surface. The shoe outsole has a front with a toe box (red arrow) and an outsole periphery that extends at the front around the toe box, the outsole having a middle, a back, and a heel. As illustrated below in Figure 2, the NB SD-X running shoe has an outsole periphery that extends at the front around the toe box (orange arrow). As illustrated below in Figure 2, the outsole has a middle, a back, and a heel. As illustrated below in Figure 2, the NB SD-X running shoe has an outsole periphery that extends at the front around the toe box (orange arrow).

**Figure 2**



Excerpt from New Balance's website, available at https://www.newbalance.com/pd/fuelcell-supercomp-sd-x/USDELRV2-40672.html?dwvar_USDELRV2-40672_style=USDELRE2.

25.     Defendant's Accused Products infringe Claim 1(b) of the '219 Patent Claims by

having an outsole providing a horizontal component that extends longitudinally from the toe of the shoe to at least the middle of the shoe body and is at least partially constructed of carbon as claimed Claim 1(b) of the '219 Patent Claims.

26.     For example, New Balance's FuelCell SuperComp XC-X infringes Claim 1(b) of the '219 Patent Claims as shown in Figure 1, infra, and in **Figure 3** below, which shows the XC-X's outsole includes a horizontal component, which includes at least carbon, that extends longitudinally from the toe box to at least the middle of the shoe body (blue bracket).

**Figure 3**



Bottom view of NB XC-X indicating (in blue) the horizontal component extending longitudinally from the toe box to at least the middle of the shoe body.

27.     New Balance's website confirms that the XC-X includes "a carbon fiber plate…." See, infra, ¶13.

28.     For example, New Balance's FuelCell SuperComp SD-X infringes Claim 1(b) of the '219 Patent Claims as shown in Figure 1, infra, and in **Figure 4** below, which shows the SD-X's outsole includes a horizontal component, which includes at least carbon, that extends longitudinally from the toe box to at least the middle of the shoe body (blue bracket).

12

**Figure 4**



Bottom view of NB SD-X indicating (in blue) the horizontal component extending longitudinally from the toe box to at least the middle of the shoe body.

29.     New Balance's website confirms that the XC-X uses a "carbon fiber plate with built-in pins for rigidity and traction." See, supra, ¶13.

30.     Defendant's Accused Products infringe Claim 1(c) of the '219 Patent Claims by having a vertical component extending vertically upward in the front of and on the sides of the shoe in the toe box area, the vertical component extending vertically a distance from a position next to the outsole and the vertical component continuously connected to the outsole periphery at the toe box, the vertical component extending around the toe box of the upper and rearwardly on opposing sides of the outsole, the vertical component terminating on opposing sides of the toe box.as claimed Claim 1(c) of the '219 Patent Claims.

31.     As illustrated above in Figures 1 and 2, supra, the Accused Products have a vertical component that extends upward in the front of and on the sides of the shoe in the toe box. The outsole includes a carbon fiber plate. This carbon fiber plate and the cleats form the bottom of the shoe. Upon information and belief, a portion of the carbon fiber plate extends upwards from the sole and around the front of the toe box of the upper. This component further stiffens the toe box,

which helps to stabilize the foot within the shoe.

32. Defendant's Accused Products infringe Claim 1(d) of the '219 Patent Claims uses the vertical and horizontal components stiffening the toe box so that the combination of the vertical and horizontal components is able to deflect, without permanent deformation, to stabilize the foot within the shoe as claimed Claim 1(d) of the '219 Patent Claims.

33. For example, on its website, New Balance explains that its NB SD-X product includes a "lightweight, high-rebound FuelCell midsole underfoot that provides exceptional energy return" and "full-length external carbon fiber plate with six built-in pins for rigidity and traction." See, supra, at ¶15 (citing New Balance's website, available at https://www.newbalance.com/pd/fuelcell-supercomp-sd-x/USDELRV2-40672.html?dwvar_USDELRV2-40672_style=USDELRE2). It also includes a "knit upper [that] is reinforced at strategic points for a lightweight yet structured feel." Id.

**Claim 3 of the '219 Patent**

34. Upon information and belief, Defendant's Accused Products infringe Claim 3 of the '219 Patent Claims because the Accused Products includes one component that is made of a composite of one or more types of material as claimed in Claim 3 of the '219 Patent Claims.

**Claim 22 of the '219 Patent**

35. Defendant's Accused Products infringe the Preamble of Claim 22 of the '219 Patent Claims because they are athletic shoes as claimed in the Preamble of Claim 22 of the '219 Patent Claims. Specifically, on its website at www.newbalance.com, New Balance describes the Accused Products as "Unisex" running shoes, which are athletic shoes.

36. Defendant's Accused Products infringe the Preamble of Claim 22 of the '219 Patent Claims because they are athletic shoes as claimed Claim 22 of the '219 Patent Claims.

37. Defendant's Accused Products infringe Claim 22(a) of the '219 Patent Claims because they are a shoe body having a shoe upper and an outsole secured to the upper so that a wearer's foot can be positioned within the upper and above the outsole as claimed in Claim 22(a) of the '219 Patent Claims.

38. For example, as shown above in Figures 1 and 2, supra, the Accused Products include a shoe body having a shoe upper (yellow arrow) and an outsole (blue arrow) secured to the upper so that a wearer's foot can be positioned within the upper and above the outsole.

39. Defendant's Accused Products infringe Claim 22(b) of the '219 Patent Claims by having an outsole with a lower surface having cleats and an upper surface, the shoe having a front with a toe box as claimed in Claim 22(b) of the '219 Patent Claims.

40. For example, as shown above in Figures 1 and 2, supra, the Accused Products' outsoles have a lower surface with cleats (green arrow) and an upper surface, the shoe having a front with a toe box (red arrow).

41. Defendant's Accused Products infringe Claim 22(c) of the '219 Patent Claims because they have an outsole having a periphery that extends at the front around the toe box a middle, a back, and a heel as claimed in Claim 22(c) of the '219 Patent Claims.

42. For example, as shown above in Figures 1 and 2, supra, the Accused Products have an outsole that includes a periphery that extends at the front around the toe box (red arrow) a middle, a back, and a heel.

43. Defendant's Accused Products infringe Claim 22(d) of the '219 Patent Claims because the outsole provides a horizontal load transfer component that is at least partially constructed of a stiffening material from the group consisting of: graphite, carbon, kevlar, fiberglass, titanium, metal, metal alloy, composite, laminate as claimed in Claim 22(d) of the '219

Patent Claims.

44.	As shown above in Figures 1 and 2, <u>supra</u>, the Accused Products have an outsole that provides a horizontal load transfer component that is at least partially constructed of carbon.

45.	Defendant's Accused Products infringe Claim 22(e) of the '219 Patent Claims because they have a vertical component extending vertically upward in the front of the shoe, the vertical component extending vertically from a position next to the horizontal load transfer component of the outsole upwardly a distance and the vertical component connected to the periphery of the outsole at the toe box area, the vertical component extending around the toe box of the upper and on opposing sides of the outsole, the component terminating on opposing sides of the upper as claimed in Claim 22(e) of the '219 Patent Claims.

46.	As shown above in Figures 1 and 2, <u>supra</u>, the Accused Products have a vertical component that extends upward in the front of and on the sides of the shoe in the toe box. The outsole includes carbon fiber and/or a carbon fiber plate. This carbon fiber plate and the cleats form the bottom of the shoe. Upon information and belief, a portion of the carbon fiber plate extends upwards from the sole and around the front of the toe box of the upper. This component further stiffens the toe box, which helps to stabilize the foot within the shoe.

47.	Defendant's Accused Products infringe Claim 22(f) of the '219 Patent Claims because the vertical and horizontal components being in load transfer contact at the toe box so that the combination of the said components is able to deflect, without permanent deformation, in response to an applied load creating a deflecting stress and then to return to its original shape upon removal of the applied load causing the deflecting stress.as claimed in Claim 22(f) of the '219 Patent Claims.

48.	As shown above in Figures 1 and 2, <u>supra</u>, the Accused Products' vertical and

horizontal components are in load transfer contact at the toe box. Based upon the nature and intended use of the product, as well the nature of the material comprising the vertical and horizontal component, and upon information and belief, the combination of said components is able to deflect, without permanent deformation, in response to an applied load creating a deflecting stress and then to return to its original shape upon removal of the applied load causing the deflecting stress.

49. Upon information and belief, Defendant's Accused Products are available for sale on its website, other online retailers, and various retailers located in this district and throughout the United States.

50. Upon information and belief, Defendant has intended its customers, affiliates, subsidiaries, and other third parties to make, use, sell, offer for sale, or import its athletic shoes in such a way that infringes the '219 Patent by, at a minimum, providing, supporting, making, selling, and advertising the Accused Products and instructing its customers, affiliates, subsidiaries, and other third parties on how to make, use, or sell them in an infringing manner, at least through information available on Defendant's website, information brochures, promotional material, and contact information. Specifically, Defendant promoted and advertised the carbon fiber and/or carbon fiber plate component of the outsole of its athletic shoes as providing greater energy transfer, more efficient energy transmission, and greater stability, which in turn allows the wearer to run faster.

51. Upon information and belief, Defendant knew that its actions, including, but not limited to any of the aforementioned athletic shoes, would induce, have induced, and will continue to induce infringement by its customers, affiliates, subsidiaries, and other third parties by continuing to sell, support, advertise to, and instruct them on using, selling, offering for sale,

making, or importing the Accused Products.

52. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

53. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

54. Defendant's infringement of Plaintiff's rights under the '219 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

A. An adjudication that one or more claims of the Patent-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by the Defendant;

B. An adjudication that Defendant has induced infringement of one or more claims of the Patent-in-Suit;

C. An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial; and,

D. Any further relief that this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues.

Dated: December 6, 2024                    Respectfully submitted,

*/s/ Kimberly. A Dougherty*
Kimberly A. Dougherty, Esq. (BBO# 658014)
Justice Law Collaborative, LLC
210 Washington Street
North Easton, MA 02356
Telephone: (508) 230-2700
Facsimile: (285) 278-0287
Email: kim@justicelc.com

Steven W. Ritcheson (*Pro hac vice* to be filed)
**INSIGHT, PLC**
578 Washington Blvd. #503
Marina del Rey, California 90292
Telephone: (424) 289-9191
Facsimile: (818) 337-0383
*swritcheson@insightplc.com*

Jacqueline K. Burt (*Pro hac vice* to be filed)
**HENINGER GARRISON DAVIS, LLC**
2727 Paces Ferry Rd, Suite 750
Atlanta, Georgia 30339
Telephone: (404) 996-0861
Facsimile: (205) 547-5502
Email: jburt@hgdlawfirm.com

*Attorneys for Plaintiff*
*East Texas Boot Company, LLC*